# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS DIPARRA,<br>CDC #J-95995,<br><br>  Plaintiff,<br><br>vs.<br><br>PAROLE COMMUNITY SERVICES, et al.,<br><br>  Defendants. | Civil No.   07-0114 IEG (POR)<br><br>**ORDER DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SUMMONS AND FIRST AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 4(c)(2) AND 28 U.S.C. § 1915(d)** |

On January 16, 2007, Plaintiff, a former state prisoner who was incarcerated at the California Rehabilitation Center in Norco, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, along with a Motion to Proceed *In Forma Pauperis* ("IFP") [Doc. No. 2]. The Court granted Plaintiff's Motion to Proceed IFP but sua sponte dismissed his Complaint for failing to state a claim upon which relief could be granted and for seeking monetary damages against immune defendants pursuant to 28 U.S.C. § 1915(e)(2). *See* February 7, 2007 Order at 6-7. Plaintiff was granted permission to file an amended complaint correcting the deficiencies of pleading identified by the Court in its Order. *Id.* On March 23, 2007, Plaintiff filed his First Amended Complaint ("FAC") [Doc. No. 4].

////

////

**I.     Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A**

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any prisoner and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A). "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

Here, the Court finds that Plaintiff's First Amended Complaint survives the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b) to the extent that he is seeking injunctive relief in the form of a new parole eligibility review. *See Wilkinson v. Dotson,* 544 U.S. 74, 78 (2005). Accordingly, Plaintiff is entitled to U.S. Marshal service on his behalf. *Lopez*, 203 F.3d at 1126-27;  28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(2) (providing that "service be effected by a United States marshal, deputy United States marshal, or other officer specially appointed by the court ... when the plaintiff is authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.").

**III.   Conclusion and Order**

Good cause appearing, **IT IS HEREBY ORDERED** that:

1.     The Clerk shall issue a summons for Defendants, provide Plaintiff with a certified copy of both this Order and his Complaint [Doc. No. 1], and forward them to Plaintiff along with

1 a blank U.S. Marshal Form 285 for each of these Defendants.  Plaintiff shall complete the Form 285s and forward them to the United States Marshal within a reasonable amount of time such that the U.S. Marshal can timely serve the Defendants within the 120 days provided by FED.R.CIV.P. 4(m).  The U.S. Marshal shall, after receiving Plaintiff's completed Form 285s, serve a copy of the Complaint, its Exhibits and summons upon Defendants as directed by Plaintiff on each U.S. Marshal Form 285.  All costs of service shall be advanced by the United States.  *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(2).

2. Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service.

Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

**IT IS SO ORDERED.**

DATED:  May 1, 2007

**HON. IRMA E. GONZALEZ, Chief Judge**
United States District Court
Southern District of California