**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE LUIS DIPARRA,<br><br>        Plaintiff,<br><br>vs.<br><br>PAROLE COMMUNITY SERVICES, SISI DOE, MARY DOE, THOMAS WICKLINE, MARY ROGER, ADULT PAROLE DIVISION, and JAMES TILTON, SECRETARY OF C.D.C.R.,<br><br>        Defendants. | CASE NO. 07CV0114 (IEG)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO SET ASIDE ENTRY OF DEFAULT (Doc. No. 22);**<br><br>**(2) DENYING AS MOOT MOTION FOR EXTENSION OF TIME TO FILE RESPONSE/REPLY (Doc. No. 32);**<br><br>**(3) DENYING MOTION FOR APPOINTMENT OF COUNSEL (Doc. No. 33);**<br><br>**(4) ORDERING FORMS TO BE SENT TO PLAINTIFF; and**<br><br>**(5) ORDERING DEFENDANT WICKLINE TO FILE A RESPONSIVE PLEADING.** |

Presently before the Court is defendant Thomas Wickline's motion to set aside entry of default (Doc. No. 22); plaintiff Jose Luis DiParra's motion for extension of time to file response/reply (Doc. No. 32); and plaintiff's motion for appointment of counsel (Doc. No. 33).

BACKGROUND

On January 16, 2007, Plaintiff, a former state prisoner incarcerated at the California

1  Rehabilitation Center in Norco, California and proceeding pro se, filed a civil rights complaint
2  pursuant to 42 U.S.C. § 1983.  (Doc. No. 1.)  On May 1, 2007, the Court directed the U.S. Marshal
3  to effect service on the defendants named in the First Amended Complaint.  (Doc. No. 6.)
4  Defendant Thomas Wickline, a parole agent, accepted personal service on July 6, 2007.  (Doc. No.
5  12.)  On November 6, 2007, the Court ordered the Clerk of the Court to enter default as to
6  defendant Wickline, who had not yet filed a responsive pleading. (Doc. No. 21.)  On November
7  13, 2007, defendant filed the instant motion.  Plaintiff opposed the motion on December 26, 2007
8  (Doc. No. 28), and on December 31, 2007, defendant filed a reply (Doc. No. 25).

## DISCUSSION

### I.     Defendant Wickline's Motion to Set Aside Default

#### A.     Legal Standard

Pursuant to Rule 55(c), the Court may set aside an entry of default for "good cause shown." FED.R.CIV.P. 55(c).  In determining whether good cause exists, the Court must consider: (1) whether the defendant engaged in culpable conduct that led to the default; (2) whether the defendant has a meritorious defense; and (3) whether reopening the default judgment would prejudice the plaintiff.  See Franchise Holding II, LLC. v. Huntington Rests. Group, Inc., 375 F.3d 922, 925-926 (9th Cir. 2004); Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984) (per curiam).  A court may deny a motion to set aside an entry of default if any one of the three factors favor default.  Franchise Holding, 375 F.3d at 925-26 (citing American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000)).  The defendant bears the burden of establishing that the default should be set aside. Id. (citing TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001)).  However, default judgments are generally disfavored and "[c]ases should be decided upon their merits whenever reasonably possible."  Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986); see also TCI, 244 F.3d at 693 (recognizing "the long-standing principle that default judgments are disfavored").

#### B.     Analysis

Defendant Wickline argues all three factors in the "good cause" analysis favor setting aside the default.

*1. Culpable Conduct*

Defendant Wickline contends his failure to file a timely answer was not the result of any culpable conduct on his part. Culpable conduct involves "not simply nonappearance following receipt of notice of the action, but rather conduct which hindered judicial proceedings as to which subject matter jurisdiction was unchallenged." TCI, 244 F.3d at 698 (citing Gregorian v. Izvestia, 871 F.2d 1515, 1525, (9th Cir. 1989)). Culpability exists "where there is no explanation of the default inconsistent with a devious, willful, or bad faith failure to respond." Id.

Here, Defendant Wickline states in his declaration he gave the summons and complaint to his supervisor, Ms. Patricia Mims. (Wickline Decl. at 1.) Ms. Mims, "not certain if the document was legitimate," noticed another state defendant was listed, "assumed the state was notified," and took no further action. (Mims Decl. at 2.) She has now learned the complaint should have been forwarded on. (Id.) Ms. Tiffany Hixon, the deputy attorney general assigned to this case after the entry of default, stated in a declaration that the California Attorney General had not been notified that Wickline had been served until the entry of default. (Hixon Decl. at 2.) The evidence suggests defendant Wickline did not act culpably in failing to respond.

*2. Meritorious Defense*

Defendant Wickline argues the complaint fails to state a claim. As the Court previously found, plaintiff's complaint survived initial screening only to the extent he sought a new parole eligibility review. (Doc. No. 6.) Defendant Wickline asserts he cannot grant plaintiff this review, and thus default judgment will not afford plaintiff his requested injunctive relief. The Court agrees defendant Wickline should be able to argue the merits of this defense.

*3. Prejudice*

Defendant Wickline argues plaintiff will not be prejudiced by setting aside the entry of default because this matter is still in the preliminary stages of the litigation. Prejudice requires more than merely a delay in the resolution of the case; "[r]ather, 'the standard is whether [plaintiff's] ability to pursue his claim will be hindered." TCI, 244 F.2d at 701 (citing Falk, 739 F.2d at 463).

Here, the Court finds plaintiff's ability to prosecute his case will not be prejudiced if the

Court sets aside the entry of default. This matter is in the beginning stages of litigation, and no other defendants have been served, so setting aside the default will not delay the resolution of the case.

Thus, in considering the above factors, the Court finds defendant Wickline has shown good cause for setting aside the entry of default.

## II.     Plaintiff's motion for extension of time to file response/reply

Plaintiff has filed a motion for extension of time to file response/reply. (Doc. No. 32.) Plaintiff does not identify the pleading for which he requests the extension. Plaintiff concurrently filed his response to the motion to set aside default. (Doc. No. 28.) No response or reply is thus due from plaintiff at this time. Accordingly, plaintiff's motion for extension of time to file response/reply is moot.

## III.    Plaintiff's motion for appointment of counsel

Plaintiff has also filed a motion for appointment of counsel. (Doc. No. 33.) He supports the motion with a statement that he has been unable to retain counsel, that the law library at the prison "is very inadequate," and plaintiff "is a mental health patient" with "P.T.S.D."

"It is well-settled that there is generally no constitutional right to counsel in civil cases." United States v. Sardone, 94 F.3d 1233, 1236 (9th Cir. 1996) (internal citation omitted). District courts have discretion, pursuant to 28 U.S.C. 1915(e)(1), to request that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. See Agyeman v. Corrs. Corp. of Am., 390 F.3d 1101, 1003 (9th Cir. 2004).

Plaintiff has prosecuted his case so far without the assistance of counsel. He has filed a complaint, a properly supported motion to proceed in forma pauperis which was granted by the Court, a first amended complaint, and numerous motions. At this time, plaintiff has sufficiently represented himself and has failed to demonstrate "extraordinary circumstances" justifying appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1).

## IV.    Plaintiff's declaration

Plaintiff also filed a declaration and "explanation to the Court" responding to the Court's order of November 6, 2007. (Doc. No. 30.) In that order, the Court granted plaintiff leave to

1  amend his complaint. (Doc. No. 20.) The Court also explained that unless plaintiff provided
2  additional information as to the defendants which the U.S. Marshal's Service was unable to serve,
3  the Court would dismiss those defendants.
4      Plaintiff indicates in his declaration he is uncertain how to serve defendants J. Tilton and T.
5  Hoffman. As to defendant Tilton, plaintiff previously did not enter defendant's address on the
6  Summons form USM-285, and thus the summons was returned unexecuted. The Clerk of the
7  Court is hereby ordered to send plaintiff a new form USC-285 so that plaintiff may provide that
8  information. Plaintiff must then return the completed form, along with the complaint, to enable
9  the Marshal to effect service. If plaintiff does not do so, defendant Tilton will be dismissed.
10 Walker v. Sumner 14 F.3d 1415, 1421-22 (9th Cir. 1994) (Court's sua sponte dismissal of an
11 unserved defendant after 120 days appropriate when plaintiff did not provide the marshal with
12 sufficient information to effect service).
13     Plaintiff did not name Mr. Hoffman as a defendant in his first amended complaint. The
14 Court previously granted plaintiff sixty days in which to name Hoffman as a defendant in a second
15 amended complaint. If plaintiff names Hoffman as a defendant in a second amended complaint
16 and states facts supporting a claim against Hoffman, then the Court will order the U.S. Marshal's
17 service to effect service of the second amended complaint on all defendants named in that
18 complaint.
19     Plaintiff also did not provide sufficient information for the Marshal's Service to be able to
20 serve defendants Mary Doe (Doc. No. 13), Mary Roger (Doc. No. 14), and Sisi Doe (Doc. No. 15).
21 The Clerk of the Court shall also send plaintiff forms USM-285 for these defendants. If plaintiff
22 does not provide enough information on these forms to enable the Marshal to effect service, then
23 these defendants will also be dismissed. Walker, 14 F.3d at 1421-22.
24 //
25 //
26 //
27 //
28 //

CONCLUSION

For the foregoing reasons, the Court (1) GRANTS defendant Wickline's motion to set aside the default judgment; (2) DENIES AS MOOT plaintiff's motion for an extension of time to file response/reply; (3) DENIES plaintiff's motion for appointment of counsel; (4) ORDERS the Clerk of the Court to send four (4) USM-285 forms to plaintiff; and (5) ORDERS defendant Wickline to file a responsive pleading within twenty (20) days of this Order.

**IT IS SO ORDERED.**

**DATED: January 18, 2008**

*[signature]*
**IRMA E. GONZALEZ, Chief Judge
United States District Court**