# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS DIPARRA, CDCR #J-95995,<br><br>    Plaintiff,<br><br>vs.<br><br>PAROLE COMMUNITY SERVICES, et al.;<br><br>    Defendants. | Civil No.   07-0114 IEG (POR)<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANT WICKLINE'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b), 12(b)(6) AND 42 U.S.C. § 1997e(a); AND**<br><br>**(2) ORDERING PLAINTIFF TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED AS TO REMAINING DEFENDANTS PURSUANT TO FED.R.CIV.P. 4(m)**<br><br>**[Doc. No. 37]** |

## I.   Procedural Background

Jose Luis DiParra ("Plaintiff"), formerly incarcerated at the California Rehabilitation Center located in Norco, California and proceeding pro se, filed a Complaint pursuant to 42 U.S.C. § 1983 on January 16, 2007. The Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") but sua sponte dismissed Plaintiff's Complaint for failing to state a claim and

for seeking monetary damages against immune defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and (iii). *See* Feb. 2, 2007 Order at 7. Nonetheless, the Court provided Plaintiff the opportunity to file an Amended Complaint in order to correct the deficiencies of pleading identified by the Court. *Id.* On March 23, 2007, Plaintiff filed his First Amended Complaint. The Court found that Plaintiff's First Amended Complaint survived the sua sponte screening required by 28 U.S.C. § 1915(e)(2) *only* to the extent that Plaintiff was seeking injunctive relief in the form of a new parole eligibility review. *See* May 1, 2007 Order at 2 (citing *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005)). Thus, the Court determined Plaintiff was entitled to U.S. Marshal service on his behalf and ordered the U.S. Marshal to effect service on Defendants.

Subsequently, Plaintiff sought leave of Court to add an additional Defendant. *See* Decl. by Plaintiff dated Nov. 1, 2007. The Court permitted Plaintiff to file a Second Amended Complaint in order to add this Defendant. *See* Nov. 6, 2007 Order at 2. On February 1, 2008, Plaintiff filed his Second Amended Complaint ("SAC"). Based on a review of the docket, it appears that the only Defendant who has been properly served in this action is Defendant Wickline. Currently before the Court is Defendant Wickline's Motion to Dismiss Plaintiff's Second Amended Complaint [Doc. No. 37]. Plaintiff has not filed an Opposition.

**II.     Defendant Wickline's Motion to Dismiss per FED.R.CIV.P. 12(b) and 12(b)(6)**

    **A.     Defendant's Motion to Dismiss for Failing to Exhaust Administrative Remedies**

Defendant Wickline moves to dismiss Plaintiff's Second Amended Complaint for failing to exhaust available administrative remedies pursuant to FED.R.CIV.P. 12(b) and 42 U.S.C. § 1997e(a).

        *1.     Standard of Review per FED.R.CIV.P. 12(b) and 42 U.S.C. § 1997e(a)*

Defendant claims Plaintiff failed to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a) before bringing this suit, therefore, he seeks dismissal under the "non-enumerated" provisions of FED.R.CIV.P. 12(b). The Ninth Circuit has held that "failure to exhaust nonjudicial remedies is a matter of abatement" not going to the merits of the case and

is properly raised pursuant to a motion to dismiss, including a non-enumerated motion under FED.R.CIV.P. 12(b). *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368-69 (9th Cir. 1988); *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003) (finding a non-enumerated motion under Rule 12(b) to be "the proper pretrial motion for establishing nonexhaustion" of administrative remedies under 42 U.S.C. § 1997e(a)).[1] It is well established that the failure to exhaust administrative remedies is an affirmative defense under the PLRA which the Defendants must plead and prove. *See Jones v. Bock, et al.* 549 U.S. 199, 127 S.Ct. 910 (Jan. 22, 2007). However, unlike under Rule 12(b)(6), "[i]n deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Wyatt*, 315 F.3d at 1120 (citing *Ritza*, 837 F.2d at 369).

      *2. Exhaustion of Administrative Remedies per 42 U.S.C. § 1997e(a)*

Before the Prison Litigation Reform Act ("PLRA") was enacted on April 26, 1996, prisoners pursuing civil rights claims under 42 U.S.C. § 1983 were not required to exhaust administrative remedies before filing suit in federal court. *See Patsy v. Bd. of Regents of Florida*, 457 U.S. 496, 516 (1982). The PLRA amended 42 U.S.C. § 1997e(a) to provide however, that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). 42 U.S.C. § 1997e(a) has been construed broadly to "afford [ ] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case, *id.* at 525-26, and to encompass inmate suits about both general circumstances and particular episodes of prison life--including incidents of alleged excessive force. *Id.* at 532. Finally, "[t]he 'available' 'remed[y]' must be 'exhausted' before a complaint under § 1983 may be entertained," "regardless of the relief offered through

---

[1] In so finding, the Ninth Circuit also made clear that unlike a motion for summary judgment, "dismissal of an action on the ground of failure to exhaust administrative remedies is not on the merits." *Wyatt*, 315 F.3d at 1119 (citation omitted). Thus, if the court finds that the prisoner has failed to exhaust nonjudicial remedies, "the proper remedy is dismissal of the claim without prejudice." *Id.* (citing *Ritza*, 837 F.2d at 368 & n.3).

administrative procedures." *Booth v. Churner*, 532 U.S. 731, 738, 741 (2001); *see also McKinney v. Carey*, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (finding that prisoner's civil rights action must be dismissed without prejudice unless prisoner exhausted available administrative remedies *before* he filed suit, even if he fully exhausts while the suit is pending).

The State of California provides its prisoners and parolees the right to administratively appeal "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." CAL. CODE REGS., tit. 15 § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing CAL. CODE REGS. tit. 15 § 3084.5). The third or "Director's Level" of review "shall be final and exhausts all administrative remedies available in the Department [of Corrections.]" Cal. Dep't of Corrections Operations Manual, § 54100.11, "Levels of Review;" *Barry*, 985 F. Supp. at 1237-38; *Irvin v. Zamora*, 161 F. Supp. 2d 1125, 1129 (S.D. Cal. 2001).

### *3. Application of 42 U.S.C. § 1997e(a) to Plaintiff's Case*

Here, while Plaintiff's Second Amended Complaint is not the model of clarity, he appears to claim that his constitutional rights were violated by the conditions imposed on his parole. (*See* SAC at 6-8.) In support of his position that Plaintiff did not exhaust his administrative remedies before filing suit, Defendant has submitted the Declaration of K. Sampson, Appeals Coordinator for the California Correctional Institution. In this declaration, K. Sampson indicates that he searched the records to "ascertain if [Plaintiff had] filed any inmate appeals against [Defendant Wickline] for allegedly imposing special parole conditions, and enforcing the new guidelines to [Plaintiff's] commitment offense in 1983." (Declaration of K. Sampson at ¶ 5). He further declares that he was unable to find any such grievance. (*Id.* at ¶ 6). Defendant also submit the Declaration of N. Grannis, Chief of Inmate Appeals for the California Department of Corrections and Rehabilitation. In this declaration, N. Grannis states that Plaintiff did not file any appeal of a grievance to the Third Level of review relating to Defendant Wickline.

1 Accordingly, Defendant Wickline has met his initial burden of demonstrating that Plaintiff did not exhaust his administrative remedies. *Jones*, 127 S.Ct. at 922. Plaintiff, on the other hand, has supplied the Court with no documentation to show that he has exhausted his administrative remedies as Plaintiff did not file an Opposition. Thus, the Court GRANTS Defendant Wickline's Motion to Dismiss Plaintiff's Second Amended Complaint for failing to exhaust his administrative remedies before filing this action as required by 42 U.S.C. § 1997e.

### B. Defendant's Motion to Dismiss for Failing to State a Claim

Defendant Wickline also seeks dismissal on the grounds that he was neither named as a Defendant in Plaintiff's Second Amended Complaint nor are there sufficient allegations pertaining to Defendant Wickline that would rise to the level of a constitutional violation.

First, in Plaintiff's Second Amended Complaint he does not specifically identify Defendant Wickline in the caption of the pleading. Typically, when a plaintiff fails to rename a defendant or reallege certain claims in an amended pleading, those defendants are dismissed and the claims are waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). However, where a plaintiff appears pro se, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988). Because Plaintiff does refer to Defendant Wickline in this body of the Second Amended Complaint, the Court will liberally construe Plaintiff's Second Amended Complaint and find that Plaintiff did intend to name Wickline as a Defendant in this action.

However, despite the oversight to name Defendant Wickline in the caption, Plaintiff has not stated a claim against this Defendant. A motion to dismiss for failure to state a claim pursuant to FED.R.CIV.P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. The court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and must construe the complaint in the light most favorable to the plaintiff. *N.L. Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986); *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

////

////

1       The Court looks not at whether the plaintiff will "ultimately prevail but whether the
2 claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232,
3 236 (1974). While liberal construction is "particularly important in civil rights cases," *Ferdik*,
4 963 F.2d at 1261, "[t]he plaintiff must allege with at least some degree of particularity overt acts
5 which defendants engaged in that support [his] claim." *Jones v. Community Redevelopment*
6 *Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (internal quotation omitted).

7       In his Second Amended Complaint, while not entirely clear, Plaintiff appears to allege
8 Defendant Wickline informed Plaintiff that a warrant had been issued for his arrest because
9 parole agents did not know where Plaintiff was located. (*See* SAC at 3.) In addition, Plaintiff
10 claims that he was informed that Defendant Wickline was his parole agent and he was to meet
11 with him. (*Id.* at 4.) Plaintiff's Second Amended Complaint does not identify how Defendant
12 Wickline allegedly violated Plaintiff's constitutional rights.

13       A person deprives another "of a constitutional right, within the meaning of section 1983,
14 if he does an affirmative act, participates in another's affirmative acts, or omits to perform an
15 act which he is legally required to do that causes the deprivation of which [the plaintiff
16 complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "The inquiry into causation
17 must be individualized and focus on the duties and responsibilities of each individual defendant
18 whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v.*
19 *Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

20       Plaintiff's Second Amended Complaint alleges no facts sufficient to show the
21 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the
22 United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990); *Graham v. Connor*,
23 490 U.S. 386, 393-94 (1989) (Section 1983 "is not itself a source of substantive rights, but
24 merely provides a method for vindicating federal rights elsewhere conferred.") (internal citations
25 omitted); *Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir. 1995) ("It is well settled that
26 section 1983 provides a cause of action for violations of . . . the Constitution.") (citations and
27 quotations omitted.)
28 ////

Here, the mere fact that Defendant Wickline was Plaintiff's parole agent is not enough to rise to the level of an alleged constitutional violation. There are no facts in the Second Amended Complaint from which the Court could liberally construe that Plaintiff had stated a claim against Defendant Wickline. Accordingly, Defendant Wickline's Motion to Dismiss the claims against him in Plaintiff's Second Amended Complaint for failing to state a claim pursuant to FED.R.CIV.P. 12(b)(6) is GRANTED.

### III. Remaining Defendants

A review of the Court's docket indicates that no proof of service has been filed as to Defendants Parole Community Services, Sisi Doe, Mary Doe, Mary Roger, Adult Parole Division, James Tilton, Thomas Hoffman, Patricia Mims or A. Royer. *See Walker v. Sumner,* 14 F.3d 1415, 1421-22 (9th Cir. 1994) (where a pro se plaintiff fails to provide the Marshal with sufficient information to effect service, the court's sua sponte dismissal of those unserved defendants is appropriate under FED.R.CIV.P. 4(m)).

Accordingly, this Court ORDERS Plaintiff to show cause *no later than May 9, 2008*, why the claims against these Defendants should not be dismissed for want of prosecution pursuant to FED.R.CIV.P. 4(m). If Plaintiff wishes to proceed with his claims against these Defendants he must provide the Court with proof of proper service by May 12, 2008. Otherwise, all the remaining Defendants will be dismissed from this action without prejudice.

### IV. Conclusion and Order

For all the reasons set forth above, **IT IS HEREBY ORDERED** that:

(1) Defendant Wickline's Motion to Dismiss the claims against him found in Plaintiff's Second Amended Complaint for failure to exhaust his administrative remedies pursuant to FED.R.CIV.P. 12(b) and 42 U.S.C. § 1997e(a) is **GRANTED** [Doc. No. 37]; and

(2) Defendant Wickline's Motion to Dismiss the claims against him found in Plaintiff's Second Amended Complaint is **GRANTED** pursuant to FED.R.CIV.P. 12(b)(6) [Doc. No. 37].

////

**IT IS FURTHER ORDERED** that:

(3) Plaintiff must show cause no later than *May 9, 2008* why the claims against the remaining Defendants should not be dismissed for want of prosecution pursuant to FED.R.CIV.P. 4(m). If Plaintiff fails to provide the Court with documentation demonstrating proper service on the remaining Defendants by May 12, 2008, this entire action will be dismissed without prejudice.

**IT IS SO ORDERED**.

**DATED:  April 24, 2008**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**